[No. 6337-1. Division One. October 29, 1979.]

WAYNE R. ANDERSON, ET AL, *Appellants,* v. W. MIKE MOHUNDRO, ET AL, *Respondents.*

*Edward D. Campbell,* for appellants.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for respondents.

ANDERSEN, J.—

### FACTS OF CASE

Plaintiffs Anderson appeal from an order dismissing their action because of their failure to comply with a court order requiring them to give definite answers to interrogatories.

On December 21, 1976, plaintiffs commenced this action for breach of contract and an accounting. On February 14, 1977, defendants served a set of 23 interrogatories on them, requesting information essential to an understanding of the factual basis of the plaintiffs' complaint. The interrogatories were not timely answered, and on March 24, 1977, defendants filed a motion to compel answers to interrogatories. One day prior to the hearing on the motion, plaintiffs served defendants' counsel with purported answers to interrogatories and an affidavit of plaintiff Wayne R. Anderson regarding answers.

On July 6, 1977, a second motion to compel answers to interrogatories was filed on the ground that the answers

given were evasive and incomplete. Illustrative of these interrogatories and answers is interrogatory No. 1 and the answer to it. The interrogatory reads:

Was the contractual relationship mentioned in Paragraph 1 of the Complaint written or oral? If written, identify it as to nature of the document, persons who signed it and where a copy may be located, or, if you will make a copy available without a motion to produce, please attach a copy to your answer.

The answer stated:

Contractual relationship, outside of its legal effect, is known as well to defendants as plaintiffs.

Following a hearing, the trial court concluded that the answers were insufficient and by an order dated August 12, 1977 directed plaintiffs to give definite answers within 2 weeks.

Then on December 23, 1977, pursuant to CR 37(b)(2)(C), defendants moved to dismiss the action because of the plaintiffs' failure to comply with the court's order of August 12, 1977 requiring definite answers to interrogatories. On January 24, 1978, the trial court granted the motion to dismiss the plaintiffs' suit.

Plaintiffs appealed to this court, and at the time we heard the case on the merits, the following factual issue could not be determined from the record before us:

Whether the trial court, in dismissing the case pursuant to CR 37(b)(2)(C) for failure to state definite answers to interrogatories, considered the affidavit of Wayne R. Anderson filed on July 26, 1977, after Judge Soderland's oral ruling but before the written ex parte order entered on August 12, 1977, and found it to be inadequate and, if not considered, whether, upon review, it is sufficient to comply with Judge Soderland's ruling.

We remanded the matter to the trial court with directions to enter specific findings of fact on that issue.

Following another hearing in the trial court, it entered the following findings:

Prior to the entry of an order on the Motion, plaintiffs moved to reconsider and attached to the Motion a certified copy of the docket showing dates of hearings before Judge Soderland, date of filing Affidavit of Wayne R. Anderson and date of entry of Order.

Finding of fact No. 2.

Plaintiffs filed in support of the Motion to Reconsider "Affidavit of Edward D. Campbell In Support of Motion to Reconsider," in which the matter of the Affidavit of Wayne R. Anderson filed July 26, 1977 was specifically raised and its adequacy as a compliance with Judge Soderland's Order was argued.

Finding of fact No. 3.

Plaintiff filed a 17 page brief on Motion to Reconsider of which approximately 11 pages were devoted to arguing that the affidavit filed July 26, 1977 was a compliance with the Order of Judge Soderland.

Finding of fact No. 4.

Argument on the matter of the adequacy of the Affidavit of Wayne R. Anderson filed July 26, 1977 was made orally at the time of the presentation of the Order Dismissing Action, which was entered January 24, 1978.

Finding of fact No. 5.

The Court, in considering the Motion and Motion for Reconsideration, did give consideration to the Affidavit of Wayne R. Anderson filed July 26, 1977 and determined that it did not comply with Judge Soderland's Order requiring definite answers to the interrogatories.

Finding of fact No. 6.

The matter of the sufficiency of the affidavit as a compliance with the order for definite answers to the interrogatories was again argued to the Court when the Order Denying Motion for Reconsideration was presented, on March 1, 1978.

Finding of fact No. 7.

The Court did, at the time of entering the Order Dismissing Action and at the time of denying the Motion for Reconsideration, consider the Affidavit of Wayne R. Anderson filed July 26, 1977 and has again reviewed the

same and finds that it is not sufficient to comply with Judge Soderland's ruling.

Finding of fact No. 8.

This appeal presents one issue.

## ISSUE

Did the trial court abuse its discretion in dismissing the plaintiffs' action based on their failure to obey a discovery order?

## DECISION

CONCLUSION. The trial court did not abuse its discretion in dismissing the plaintiffs' action because of their non-compliance with the trial court's discovery order where, as here, the noncompliance was willful and deliberate and prejudiced the opposing parties' ability to prepare for trial.

The pertinent rule, CR 37(b)(2)(C), provides:

**(b) Failure to Comply with Order.**

. . .

(2) *Sanctions by Court in Which Action is Pending.* If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . .

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceedings or any part thereof,* or rendering a judgment by default against the disobedient party;

(Second italics ours.)

In *Associated Mortgage Investors v. G.P. Kent Constr. Co.,* 15 Wn. App. 223, 228–29, 548 P.2d 558 (1976), the applicable law was reviewed by this court and it was held that

the sanction of a default judgment authorized by CR 37(b)(2)(C) is a harsh remedy, which should only be granted where there has been a willful or deliberate refusal to obey a discovery order, which refusal substantially prejudices the opponent's ability to prepare for trial.

But the unexplained failure to furnish complete and meaningful answers to these material interrogatories in the face of the court's order impels a conclusion that the refusal was willful. In this connection we note that CR 37(a)(3) allows the court to treat an evasive or incomplete answer as a "failure to answer." In our opinion, any violation of an explicit court order without reasonable excuse or justification must be deemed a willful act.

We next turn to the contention that the sanction was unjust in that other less drastic alternatives to default would have been sufficient. Cases are legion holding that the choice of sanctions for violation of a discovery order is discretionary and that the particular facts and circumstances of each case will determine whether the discretion has been abused. In this state CR 37 vests broad discretion in the trial court as to choice of sanctions. A discretionary determination should not be disturbed on appeal except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

(Citations omitted.)

More recently, the State Supreme Court in an analogous situation, after pointing out that default judgments are not favored under the law, stated:

Balanced against that principle is the necessity of having a responsive and responsible system which mandates compliance with judicial summons, that is, a structured, orderly system not dependent upon the whims of those who participate therein, whether by choice or by the coercion of a summons and complaint.

*Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979).

Here, the plaintiffs did not respond to the interrogatories addressed to them until the defendants moved to compel answers. The defendants were required to file a second motion to compel answers because the answers given were not complete. The trial court agreed with the defendants that the answers given were incomplete and evasive and entered an order requiring specific answers and providing a reasonable time within which to answer. Although purported answers were filed, a second trial judge, after careful

consideration and two hearings, concluded that the plaintiffs had not complied with the order of the court. We have carefully reviewed the record and agree that the plaintiffs' actions were a willful and deliberate disregard of the rules, served only to frustrate discovery and cannot be tolerated.

The sanction of dismissal for failure to comply with discovery orders is the most severe sanction which a court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, and has prejudiced the other side by so doing, the application of even so stringent a sanction is justified and will not be disturbed on appeal. *Associated Mortgage Investors v. G.P. Kent Constr. Co., supra; Reid Sand & Gravel, Inc. v. Bellevue Properties,* 7 Wn. App. 701, 705, 502 P.2d 480 (1972).

Affirmed.

JAMES and RINGOLD, JJ., concur.

Reconsideration denied December 21, 1979.

Review denied by Supreme Court February 22, 1980.