[No. 11272-4-I. Division One. July 23, 1984.]

ROBERT LAMPARD, ET AL, *Respondents,* v. ZANE ROTH, ET AL, *Appellants.*

*LeSourd, Patten, Fleming, Hartung & Emory, Daniel D. Woo,* and *D. William Toone, Jr.,* for appellants.

*Wolfstone, Panchot, Bloch & Kelley, Edwin G. Woodward,* and *John A. McGary,* for respondents.

CORBETT, A.C.J.—Zane and Josephine Roth appeal the judgment against them in favor of Robert and Elizabeth Lampard. We reverse and remand for a new trial.

In October 1976, Roth purchased a retail market for investment purposes. Lampard undertook management of the store along with Ray Walberg. Roth and Lampard discussed acquisition of an ownership interest by Lampard as additional consideration for his management. Lampard brought this action seeking damages for breach of an oral contract to transfer an ownership interest in the store. After a lengthy bench trial, the judge found an enforceable oral contract for a 30 percent interest in the market and awarded Lampard damages for its breach.

Roth assigns error to this finding, contending that because certain essential terms were never agreed upon by the parties, as a matter of law there was no enforceable contract. Based upon the evidence presented, the trial court found that by the time the store opened, all the parties had expressly agreed that Lampard and Walberg would each be entitled to acquire a 5 percent interest in the store for each

year they worked in the store. Lampard ultimately acquired Walberg's interest. The trial court also found that over the next 2½ years, Roth continued to acknowledge the agreement with Lampard regarding Lampard's ownership interest. These findings are supported by substantial evidence, which in turn support the trial court's conclusion that the agreement was enforceable. *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 719, 638 P.2d 1231 (1982). We decline to dismiss the action on this ground.

Roth next assigns error to the trial court's refusal to exclude the testimony of witnesses who were not disclosed in the course of pretrial discovery.

The action was filed in February 1980. In March 1980, Roth served continuing interrogatories asking for the name and address of each person believed to have knowledge or evidence pertaining to the alleged agreement or modification. Lampard answered with a list of 26 potential witnesses. Trial was scheduled for May 22, 1981. In March 1981, Roth served additional interrogatories asking for the names of persons expected to be called as expert witnesses. Lampard failed to answer the interrogatories relating to experts. On May 6, 1981, Roth moved to compel discovery. *See* CR 37(a). The trial date was then continued to September 8, 1981, because of Lampard's failure to provide adequate discovery. On May 29, Lampard was ordered to answer the interrogatories by July 17, 1981. On July 22, Lampard answered the interrogatories but did not list two experts who were ultimately called as witnesses. On September 2, Lampard was ordered to supplement prior interrogatory answers before trial. Lampard did not supplement the answers.

During the trial, Lampard called a witness whose name had not been disclosed in the answers to interrogatories. The trial court sustained the objection to this testimony, but permitted Lampard to supplement the answers to interrogatories. The supplemental answers listed 11 additional witnesses. Roth claims surprise and prejudice because he was unable to adequately prepare to cross—

examine these witnesses, or to locate and call responsive witnesses. Toward the end of the trial, Lampard called two expert witnesses. One had been listed as a nonexpert witness in the supplemental answers. The other had not been listed in either the original or supplemental answers. Roth contends that the admission of this testimony resulted in surprise and prejudice.

The purposes of interrogatories are, in part, to enable the opposing party to prepare for trial and to avoid surprise. *Stark v. Allis–Chalmers*, 2 Wn. App. 399, 404, 467 P.2d 854 (1970). CR 26(e)(1) placed upon Lampard the duty to seasonably supplement his responses to interrogatories. *Rupert v. Gunter*, 31 Wn. App. 27, 32, 640 P.2d 36 (1982). If witnesses are not disclosed until after the trial begins, the surprised party is put at a serious disadvantage. *Davis v. Marathon Oil Co.*, 528 F.2d 395, 404 (6th Cir. 1975) (disclosing witnesses 3 days prior to trial caused unfair surprise). A continuance to permit the surprised party to depose the witnesses and to locate and call others is seldom a satisfactory resolution of the problem. It places the burden on the innocent party, who must prepare again for a lengthy trial. Such preparation is costly to the parties, risks the loss of much of the original trial preparation, and burdens the other litigants on the court's trial calendar. Nor was the solution selected by the trial court in this case a satisfactory answer. Permitting Roth's attorneys to speak to previously undisclosed witnesses before they testified did not permit reasonable preparation for effective cross examination or presentation of rebuttal witnesses. *Scott & Fetzer Co. v. Dile*, 643 F.2d 670 (9th Cir. 1981). Roth's attorneys were required to conduct their investigation of the case while simultaneously involved in the course of the trial.

Lampard's failure to respond promptly to interrogatories concerning experts is particularly grievous. The specific court orders compelling discovery required production of a summary of expert testimony no later than July 17, 1981. It was not until they were called to testify that Roth learned

of the expert witnesses' testimony. No reason was given for failure to respond and to supplement the interrogatories, or failure to comply with the order compelling discovery. We are forced to conclude that these actions and omissions constitute a willful failure to comply with the discovery rules. *Anderson v. Mohundro,* 24 Wn. App. 569, 574, 604 P.2d 181 (1979) (violation of an explicit court order without reasonable excuse must be deemed willful). CR 37(b)(2) lists potential sanctions for failure to comply with a court order. The choice of specific sanctions for violation of a discovery order is within the trial court's discretion, *Associated Mortgage Investors v. G.P. Kent Constr. Co.,* 15 Wn. App. 223, 229, 548 P.2d 558 (1976), but this discretion is not limitless. The court should exclude testimony if there is a showing of intentional or tactical nondisclosure. *See Barci v. Intalco Aluminum Corp.,* 11 Wn. App. 342, 351, 522 P.2d 1159 (1974). The trial court abused its discretion in failing to exclude the testimony of witnesses who were not disclosed prior to trial. *Scott & Fetzer Co. v. Dile, supra* at 675. Roth is entitled to a new trial.

Roth also assigns error to the trial court's failure to exclude the testimony of a witness who refused to testify at his deposition. We do not address this issue because the witness has now testified and the question will be moot upon retrial. We also do not reach the cross appeal concerning the amount awarded in damages. We simply note that reducing the value of Lampard's interest on the ground that it is a minority interest is not an incorrect method of valuation.

Reversed and remanded for a new trial.

WILLIAMS and SCHOLFIELD, JJ., concur.

Reconsideration denied December 11, 1984.