# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ERIKA HOWE, an individual,

            Appellant,

            v.

McDONALD'S, INC., a foreign
corporation; M. DAVID SANTILLAS, JR.
and JANE DOE SANTILLAS, a marital
community; MAG 20, LLC, a
Washington limited liability company; D.
LARK, a Washington corporation; and
McDONALD'S RESTAURANTS OF
WASHINGTON, INC., a Washington
corporation,

            Respondents.

No. 68315-2-I

DIVISION ONE

UNPUBLISHED

FILED: September 23, 2013

Cox, J. — When a trial court dismisses a lawsuit for violation of a discovery order, it must explicitly consider on the record whether the violation was willful, whether the opposing party was prejudiced by the conduct, and whether a less severe sanction would suffice.[1] Here, the trial court dismissed Erika Howe's lawsuit without making any such findings. We reverse and remand.

On April 15, 2011, Attorney David Smith commenced this personal injury suit on behalf of Erika Howe against McDonald's Inc. and various other defendants. The trial court set the discovery cutoff for August 13, 2012 and the

---

[1] Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).

trial date for October 1, 2012. McDonald's Restaurants of Washington, Inc. (hereinafter "McDonald's") filed an answer on August 4, 2011.

On October 13, 2011, McDonald's moved to compel Howe to respond to interrogatories, requests for production, and a request for a statement of damages, all of which were due originally in September 2011. Counsel for McDonald's acknowledged learning that Smith had been ill but reported that he had heard nothing from or about Smith since August 2011. On October 27, 2011, the trial court ordered Howe to provide full and complete answers to the requested discovery within 40 days, that is, by December 5, 2011.

McDonald's filed a "Motion to Show Cause and to Dismiss Case for Lack of Prosecution" on December 13, 2011, noting the motion for hearing without oral argument on December 21. Citing CR 37(b) and KCLR 4(g), McDonald's argued that the trial court should dismiss the case because Howe's failure to comply with the court's order "essentially paralyzes this litigation and [McDonald's] ability to defend."

On December 20, Smith sent an e-mail to the bailiff requesting an emergency phone conference in order to seek an extension of time to provide the discovery responses. On December 22, Smith sent an e-mail with completed discovery responses to counsel for McDonald's.

On December 23, 2011, the trial court granted "the Defendant's Motion to Show Cause," and ordered that Howe's complaint be "dismissed with prejudice within 5 days of this Order." The order lacks any findings regarding willfulness,

prejudice, lesser sanctions, or the discovery responses provided by Howe on December 22.

Attorney Kurt Bulmer appeared as co-counsel with Smith for Howe on January 3, 2012. Bulmer also filed Howe's "reply" to, and motion to reconsider, the order to show cause and dismiss. Bulmer and Smith provided supporting declarations explaining that Smith had been seriously ill and received treatment at the Mayo Clinic in the fall of 2011. Smith had been unable to work and made arrangements for another attorney to take over Howe's case in August 2011. When Smith returned in mid-October 2011, he was unable to locate Howe and learned that his intended replacement had not appeared in the case. In December, Smith was finally able to reach Howe and prepare discovery responses for delivery on December 22.

In her motion, Howe argued that dismissal was an unnecessarily harsh remedy, that violation of the discovery order was not willful or deliberate, and that McDonald's was not substantially prejudiced by the delay, given the fact that the discovery was ultimately provided and crucial case schedule deadlines, including the discovery cutoff, were still months away. With her motion for reconsideration, Howe filed a proposed order granting reconsideration and vacating the order dismissing the case based on the lack of evidence of willful misconduct, substantial prejudice, or the need for such a harsh sanction in light of the fact that discovery had been delivered. The trial court denied reconsideration by modifying Howe's proposed order, striking out Howe's language regarding the

3

lack of evidence of willfulness, prejudice, and sufficiency of a lesser sanction and writing in "DENIED."

Howe appeals.

## SANCTIONS

Howe argues the trial court erred by dismissing the case as a sanction for violation of a discovery order without making explicit findings on the record supporting its decision. We agree.

Under CR 37(d), the trial court has broad discretion to impose sanctions for a party's failure to participate in discovery, including dismissal of the action.[2] Likewise, KCLR 4(g) provides that failure to comply with the case schedule may be grounds for sanctions, including dismissal or terms.[3] However, "[t]he sanction of dismissal for failure to comply with discovery orders is the most severe sanction which a court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited."[4] Dismissal is only justified where a party has acted in willful and deliberate disregard of court orders and the efficient administration of justice, and the opponent's ability to prepare for trial has been substantially prejudiced.[5] Furthermore, a trial court must consider on the record whether a lesser sanction would suffice and whether willfulness and prejudice were present.[6]

---

[2] See CR 37(b)(2)(C); Burnet, 131 Wn.2d at 494.

[3] KCLR 4(g)(1) ("Failure to comply with the Case Schedule may be grounds for imposition of sanctions, including dismissal, or terms.").

[4] Anderson v. Mohundro, 24 Wn. App. 569, 575, 604 P.2d 181 (1979).

[5] Id.

[6] Rivers v. Washington State Conference of Mason Contractors, 145 Wn.2d 674, 696, 41 P.3d 1175 (2002); Burnet, 131 Wn.2d at 494.

We review a trial court's order dismissing an action for non-compliance with discovery rules and orders for an abuse of discretion.[7] A trial court abuses its discretion when it resorts to the harsh remedy of dismissal or default without first making the explicit record that is required for appellate review.[8] Nor can an appellate court properly compensate for the lack of explicit trial court findings by independently reviewing the record to determine whether the trial court's ruling was reasonable in all the circumstances.[9] Here, the trial court made no findings whatsoever with respect to whether Howe's failure to comply with the order compelling discovery responses was willful, whether McDonald's was substantially prejudiced by the failure to comply, and whether any lesser sanction than summarily dismissing Howe's complaint would suffice under the circumstances of the case and in light of the purposes of the discovery order and the length of time to trial. The trial court also made no findings regarding the discovery responses Howe provided to McDonald's on December 22, the day before its decision dismissing the case. Reversal is required.[10]

McDonald's argues that the trial court's order denying reconsideration demonstrates sufficient consideration of the necessary factors. McDonald's contends that the trial court "explicitly rejected" Howe's factual claims and arguments by striking out language in her proposed order. We disagree.

The trial court abused its discretion here by dismissing the complaint without first explicitly considering the necessary factors on the record. *"Before*

---

[7] Id. at 684-85.
[8] Id. at 696-98.
[9] Id. at 698-99.
[10] Id. at 700.

*reaching"* a conclusion that the harsh sanction of dismissal is the only appropriate remedy, the trial court is required to consider willfulness, prejudice, and lesser sanctions on the record.[11] The December 23 order dismissing the case does not refer to these factors and includes no findings. We do not view the subsequent order denying reconsideration by striking out language on a proposed order as adequate to demonstrate "careful exercise of judicial discretion" or compliant with case law requiring explicit findings on the record before imposition of "the most severe sanction which a court may apply."[12]

We reverse and remand for further proceedings consistent with this opinion.

_Cox, J._

WE CONCUR:

---

[11] Id. at 698-99 (emphasis added).
[12] Anderson, 24 Wn. App. at 575.