[No. 15229-1-II.   Division Two.   January 20, 1994.]

ROBERT S. PETERSON, *Appellant,* v. DONALD F. CUFF, ET AL, *Respondents.*

*William B. Foster III* and *Hutchison, Foster & Weigelt,* for appellant.

*Stella L. Pitts* and *Keller Rohrback,* for respondents.

MORGAN, C.J. — The trial court dismissed Robert S. Peterson's complaint, with prejudice, due to his willful and deliberate refusal to obey a discovery order. He appeals; we affirm.

On October 18, 1984, Peterson signed an earnest money agreement to purchase property from his mother and stepfather, Ernestine and Donald Cuff. The transaction was never completed, and on October 30, 1987, the Cuffs quitclaimed the property to their grandchildren.

On August 3, 1990, Peterson sued the Cuffs and their grandchildren for specific performance and damages. Peterson was represented by attorney William Foster. The Cuffs were represented by attorney Stella Pitts. Trial was set for August 7, 1991.

About March 4, 1991, Pitts noted Peterson's deposition for March 27, 1991. On March 26, Foster advised Pitts that he could not locate Peterson and that the deposition would have to be rescheduled.

On March 27, Pitts renoted the deposition for April 5, 1991. Shortly before the latter date, Foster advised Pitts that April 5 was not convenient for Peterson.

On April 10, Pitts renoted the deposition for April 17 at 9:30 a.m. On April 11, Foster requested that the time be changed to either 1 or 2 p.m. He stated he could not attend on April 17, but one of his associates could if the deposition commenced in the afternoon. Pitts agreed to take the deposition in the afternoon, but she and Foster did not resolve whether the deposition would begin at 1 or 2 p.m.

On April 17 at approximately 12:30 p.m., Pitts called Foster's office to ask the time at which he and Peterson would be appearing. Foster's secretary said they would not be attending at all. Over the phone, the secretary read the following letter dictated by Foster but not yet mailed:

> Following our telephone conversation regarding the deposition of Robert Peterson, try as I might, I was not able to convince my client that someone other than myself should attend the deposition along with Mr. Peterson. I have represented Mr. Peterson for a considerable period of time, and apparently his confidence in me is such that he insists that I be present at the deposition. The problem I have is that I am leaving for vacation Sunday, April 14, and will not return until Sunday April 28, 1991. I will therefore be unavailable for the deposition until after that date.

On April 19, Pitts received Foster's letter in the mail. It was dated April 17, and signed by someone acting on Foster's behalf.

On May 15, Pitts moved to dismiss Peterson's complaint or, in the alternative, preclude him from testifying at trial. She also moved for costs and reasonable attorney fees.

On May 24, the trial court declined to dismiss the complaint or preclude Peterson from testifying. Instead, it ordered in pertinent part:

> 2. Plaintiff shall appear for his deposition on or before the 14th day of June, 1991. This deposition shall take place at the law offices of [Pitts].
> 3. If plaintiff fails to appear at his deposition on or before the 14th day of June, 1991, it is the intention of this court to dismiss plaintiff's complaint with prejudice unless plaintiff's failure to appear is, in the discretion of the court, justified.

■ The plaintiff shall pay reasonable attorney's fees and expenses to the defendants in the amount of $614.50.

Clerk's Papers, at 19-20.

After the court entered this order, Foster told Pitts he would advise her of dates prior to June 14 that would be convenient for him and his client. He said a likely date would be May 31, but he would call to confirm.

The next communication between counsel was on June 14, when Pitts called Foster. He requested that the deposition be scheduled for the following week, even though that was after the deadline set by the trial court. Pitts agreed, and the deposition was set for June 17 at 11 a.m.

On June 17 at 11 a.m., Foster appeared but Peterson did not. Foster stated, on the record, that he had confirmed the date and time with Peterson. Both the court reporter and an associate of Pitts waited until Foster decided that further waiting would be futile.

On July 11, Pitts again moved to dismiss Peterson's complaint with prejudice, based on CR 37(b) and (d). She also moved for reasonable attorney fees.

The motion was heard on July 19, 1991. An associate from Foster's office appeared in his place. When asked to explain why Peterson had not appeared for deposition as previously ordered, the associate replied in part: "[U]nfortunately, I know nothing about the case except what was handed to me as I walked out the door." The associate also stated: "Mr. Foster's having a difficult time getting ahold of Mr. Peterson." Ultimately, the trial court granted the motion and entered a judgment of dismissal with prejudice. Its judgment stated in part:

2. Plaintiff's failure to comply with discovery was willful and a deliberate refusal to obey a discovery order. Plaintiff's conduct substantially prejudices the defendants' ability to prepare for trial and defendants are therefore entitled to dismissal.

3. Plaintiff's failure to comply with discovery requests constitutes bad faith conduct and defendants are therefore enti-

tled to their reasonable attorney's fees and costs in the amount of $3,780.72.

4. Plaintiff's complaint is dismissed with prejudice.

Clerk's Papers, at 54.

On appeal, Peterson contends the trial court erred by dismissing his complaint with prejudice. He also contends that the award of reasonable attorney fees was improper.

## I

Peterson raises two questions regarding dismissal. First, did the trial court have authority to dismiss his complaint with prejudice? Second, if it did, did it properly exercise such authority in this case?

## A

CR 37(d) states, in pertinent part:

> If a party . . . fails (1) to appear before the officer who is to take his or her deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under sections (A), (B), and (C) of subsection (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

CR 37(b)(2) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;
>
> . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

These rules authorize a trial court to dismiss a complaint "with prejudice", provided of course that the circumstances of the case warrant such a severe remedy. In authorizing "judgment by default", they authorize a judgment on the merits. In authorizing an "order . . . dismissing the action", they similarly authorize a judgment on the merits. The only difference is that judgment by default favors the plaintiff, while an order of dismissal favors the defendant.

■ Various cases are to the same effect. In each of them, the trial court dismissed a complaint with prejudice because of egregious noncompliance with discovery requirements, and the dismissal was affirmed on appeal. *Anderson v. Mohundro,* 24 Wn. App. 569, 604 P.2d 181 (1979), *review denied,* 93 Wn.2d 1013 (1980); *Rhinehart v. KIRO, Inc.,* 44 Wn. App. 707, 723 P.2d 22 (1986), *review denied,* 108 Wn.2d 1008, *appeal dismissed,* 484 U.S. 805 (1987); *Rhinehart v. Seattle Times Co.,* 51 Wn. App. 561, 754 P.2d 1243, *review denied,* 111 Wn.2d 1025 (1988), *cert. denied,* 490 U.S. 1015 (1989); *Rhinehart v. Seattle Times, Inc.,* 59 Wn. App. 332, 798 P.2d 1155 (1990). We hold that the trial court had authority to enter a dismissal with prejudice.

### B

■ The discretion that a trial judge exercises when considering whether to dismiss for discovery violations was described in *White v. Kent Med. Ctr., Inc.,* 61 Wn. App. 163, 175-76, 810 P.2d 4 (1991). The court said:

> CR 37(b) permits a trial court to order sanctions when a party or its attorney violates a discovery order. A trial court's choice of what sanction to impose is generally within the court's discretion. *E.g., Rhinehart v. KIRO, Inc.,* 44 Wn. App. 707, 710, 723 P.2d 22 (1986), *review denied,* 108 Wn.2d 1008, *appeal dismissed sub nom. Rhinehart v. Tribune Pub'g Co.,* 484 U.S. 805, 98 L. Ed. 2d 16, 108 S. Ct. 51 (1987). However, before resorting to default or dismissal, the most severe sanctions available under the rule, the court must consider, on the record, whether a lesser sanction would suffice. *Snedigar v. Hoddersen,* 114 Wn.2d 153, 170, 786 P.2d 781 (1990). Additionally, due process considerations require that, before a trial court dismisses an action or counterclaim or renders a judgment by default, there must have been "a willful or deliberate refusal to obey a discov-

ery order, which refusal substantially prejudices the opponent's ability to prepare for trial." *Associated Mortgage Investors v. G.P. Kent Constr. Co.,* 15 Wn. App. 223, 228-29, 548 P.2d 558, *review denied,* 87 Wn.2d 1006 (1976). Finally, the trial court must make it clear on the record whether the factors of willfulness and prejudice are present before it enters a default or dismissal. *Snedigar,* 114 Wn.2d at 170.

*White,* at 175-76.

All of these requirements were met in this case. In May, the trial court not only considered, but also utilized, a lesser sanction. On the record, it rejected Cuffs's first motion for dismissal, set a deadline by which plaintiff had to appear for deposition, and explicitly warned that if plaintiff failed to meet the deadline, the court's "intention [was] to dismiss plaintiff's complaint with prejudice, unless plaintiff's failure to appear is, in the discretion of the court, justified." In July, the court expressly found, in writing, that plaintiff's failure to comply with discovery was a willful and deliberate refusal to obey, and that plaintiff's conduct substantially prejudiced the defendant's ability to prepare for trial. It is significant that trial was less than 3 weeks away at that time. We find no abuse of discretion in granting a dismissal with prejudice.

## II

Like the contention regarding dismissal, the contention regarding attorney fees has two parts. Did the trial court err in awarding reasonable attorney fees, and should reasonable attorney fees be awarded on appeal?

## A

On July 19, 1991, the trial court expressly found that Peterson's action was "frivolous" and "without any merit".[1] Based on CR 11, it then awarded the defendants $3,780.52 in reasonable attorney fees.

■ Peterson argues that the trial court lacked a sufficient basis for finding that his action was frivolous and thus in violation of CR 11. Peterson filed his complaint on August 3, 1990. It alleged an earnest money agreement entered into

---

[1]Report of Proceedings (July 19, 1991), at 7.

on October 18, 1984,[2] between him, his mother and her husband. After it was filed, he repeatedly ignored or rebuffed defendants' attempts to ascertain whether he had a basis for the complaint, and, if so, what that basis might be. His recalcitrance continued over several months, and was still ongoing less than a month before trial. Under these circumstances, we think the trial court was entitled to infer that his complaint had no basis, and that the defendants were entitled to recover their fees under CR 11.

### B

■ We deny the Cuffs's claim for reasonable attorney fees on appeal. Although the original complaint appears to have been baseless, the issues on appeal are whether the trial court was required to employ a lesser sanction than dismissal with prejudice, and whether it was entitled to assess fees under CR 11. We cannot say that either of those issues is so devoid of merit as to be frivolous, and thus fees on appeal are not appropriate.

The judgment is affirmed.

ALEXANDER and SEINFELD, JJ., concur.

---

[2]Although nothing in the record so indicates, the briefs suggest that the parties might have extended the earnest money after it was formed. Cuffs's brief asserts the extension was oral and unenforceable, and neither brief suggests that whatever extension there was had any efficacy beyond 1986.