[No. 13848–1–I.   Division One.   August 4, 1986.]

KEITH MILTON RHINEHART, ET AL, *Appellants,* v.
KIRO, INC., ET AL, *Respondents.*

*Donald B. Kronenberg,* for appellants.

*Stephen A. Smith* and *Preston, Thorgrimson, Ellis & Holman,* for respondents KIRO, et al.

*Edwin J. Snook, Maria S. Regimbal, Keith A. Bolton, Petersen & Lycette, Pamela A. Lang,* and *Kenneth L. LeMaster,* for respondents Fisher Broadcasting, et al.

GROSSE, J.—This is an appeal by Keith Milton Rhinehart and The Aquarian Foundation from a dismissal with prejudice of their case for their failure to comply with certain discovery orders. Appellants allege that the disclosure of

the materials in question would violate their constitutional right to the free exercise of religion. Appellants also argue that even if the order of discovery was proper, dismissal of their case with prejudice was inappropriate. We find neither contention meritorious and affirm the trial court.

Keith Milton Rhinehart is the spiritual leader of the religious group The Aquarian Foundation, both of whom brought an action for defamation and invasion of privacy because of various news stories broadcast by KIRO and KOMO. Extensive discovery was initiated by both KIRO and KOMO. Rhinehart and the Foundation refused to disclose certain of the information requested, including three videotapes. One tape was produced and aired on Japanese public television in 1958. The second tape was aired in Washington on public television by KTVW in 1962. The third tape was a recording of a religious ceremony performed by Rhinehart at the Walla Walla penitentiary before approximately 800 prisoners. Additionally, KIRO was granted access to the Foundation's files on articles mentioning apportation, a phenomenon peculiar to Rhinehart's religious practices.

Pursuant to CR 26, the trial court issued an order compelling Rhinehart and the Foundation to comply with these requests. KIRO was also awarded terms. By its order, the trial court limited the use of the information to preparation of the defenses absent further order of the court. The information gained by means other than the discovery process was not subject to the protective order. Prior to the issuance of the orders compelling discovery, the trial court balanced the competing interests of the parties and their respective rights as required by *Rhinehart v. Seattle Times Co.*, 98 Wn.2d 226, 654 P.2d 673 (1982), *aff'd*, 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984).

The trial court did not violate Rhinehart's or the Foundation's freedom to exercise religion by compelling discovery. Rhinehart's assertion to the contrary is without merit. The cases cited in support of the proposition deal with restrictions on freedom to practice a religion and are

thus inapposite. The discovery process in the instant case does not impinge on Rhinehart's or the Foundation's freedom to practice religion.

Rhinehart and the Foundation are willing to allow KIRO and KOMO to view the "sacred" tapes. Their main objection is to their copying. It is thus not against their religious principles that these tapes may be viewed by persons other than members (such a position would be hard to maintain since two of the tapes had already been broadcast to the public at large). Rather, the appellants fear that the tapes will be disseminated to the public at large thus putting members at risk. It was precisely because of this argument that the trial court issued the protective order. The arguments propounded by appellants are really ones that should be made in support of an invasion of privacy action. Having lost this argument already, it appears that appellants are substituting religious freedom in its place. *See Rhinehart v. Seattle Times Co., supra,* wherein the Washington State Supreme Court dismissed the plaintiffs' cross appeal in which it was alleged that disclosure of the membership lists violated the members' right of privacy. In that case the court found that Rhinehart had failed to show that the protective order was inadequate to prevent any abuse threatened by disclosure to the Seattle Times. There, as here, appellants are "attempting to assert a privilege to withhold evidence in a private suit where they seek damages based upon the allegedly privileged information." *Rhinehart,* at 257–58. As the Washington State Supreme Court stated:

> The protective order shields the plaintiffs from abuse of the discovery privilege. The more extensive protection which they desire is within the discretion of the trial court in a proper case; but the plaintiffs are not entitled to such an order as a matter of right. There is no showing that the protective order is inadequate to prevent any abuse threatened by the defendants.

*Rhinehart,* at 257. Neither is there such a showing in the case at bar.

■ Appellants contend that the United States Supreme Court's failure to rule on the issue of protective orders in its review of the *Rhinehart* case leaves that issue open. Such an argument is specious. The Supreme Court's failure to rule specifically on that issue does not change the present law of the State of Washington as enunciated by the Washington State Supreme Court in the *Rhinehart* decision.

Having thus disposed of the constitutional issue, we turn now to the question of whether dismissal of the case was appropriate. The remedy for a party's failure to comply with discovery lies within the discretion of the trial court. CR 37(b)(2)(C) provides in pertinent part:

> **(b) Failure To Comply With Order.**
>
> . . .
>
> (2) *Sanctions by Court in Which Action Is Pending.* If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . .
>
> (C) *An order striking out pleadings or parts thereof,*
>
> . . .

(Last italics ours.)

■ A trial court's exercise of the broad discretion under CR 37 to impose sanctions for noncompliance with a discovery order will not be overturned unless there is a manifest abuse of discretion. *Associated Mortgage Investors v. G.P. Kent Constr. Co.*, 15 Wn. App. 223, 548 P.2d 558 (1976). *See also Anderson v. Mohundro*, 24 Wn. App. 569, 604 P.2d 181 (1979), upholding dismissal of plaintiffs' action because of their willful and deliberate noncompliance with the trial court's discovery order.

In the case at bar, the discovery process consumed 21 months. KIRO originally filed two sets of interrogatories and requests for production of documents on December 2, 1981, and January 5, 1982. A motion to compel answers was initially brought on January 26, 1982. In response, appellants amended their answers. Thereafter, negotiations and

repeated threats to file a motion to compel by KIRO resulted in further inadequate responses to the interrogatories. Between June and September 1983, several court hearings were held. In August, the trial court ordered appellants to produce the three tapes on or before September 6, 1983, subject to the protective order. At that hearing, the trial court said it would entertain any other objections not brought out at the hearing. Appellants refused to comply and failed to offer any other reasons for their noncompliance. Their behavior was willful and deliberate. Without these documents the respondents' defense of some of the issues raised in appellants' complaint could have been prejudiced. We find no abuse of discretion by the trial court in dismissing appellants' complaint.

■ Respondents request attorney's fees incurred in connection with their defense of this appeal. In support of this proposition, they cite *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469 (7th Cir. 1984) and *Mickwee v. Hsu*, 753 F.2d 770 (9th Cir. 1985) both of which upheld the imposition of attorney's fees on appeal under Fed. R. Civ. P. 37(b).

We find the holding in *Basch v. Westinghouse Elec. Corp.*, 777 F.2d 165 (4th Cir. 1985), denying the award of attorney's fees the better rule in light of the facts of the case at bar. In *Basch*, the court stated:

> The present case, however, does not present an appropriate occasion to penalize counsel for having taken an appeal from the district court's sanction. Seidenman's appeal, although found to be without merit, was not frivolous nor was it interposed to harass defendant or to delay implementation of a valid discovery order.

*Basch*, at 175. Similarly, the instant case presented an appeal found to be without merit but not one that this court can deem frivolous or interposed to harass or for purposes of delay. *Tamari; see also Streater v. White*, 26 Wn. App. 430, 613 P.2d 187 (1980). The request for fees on appeal is denied.

712

The trial court is affirmed.

WILLIAMS and COLEMAN, JJ., concur.

Reconsideration denied September 11, 1986.

Review denied by Supreme Court March 31, 1987.