[Nos. 22258-9-I; 22401-8-I.   Division One.   August 13, 1990.]

KEITH MILTON RHINEHART, ET AL, *Appellants,* v.
THE SEATTLE TIMES, INC., ET AL,
*Respondents.*

THE AQUARIAN FOUNDATION, ET AL, *Appellants,* v.
THE SEATTLE TIMES, INC., ET AL,
*Respondents.*

*Jean Schiedler–Brown,* for appellants.

*Bruce Johnson* and *Howard Stambor,* for respondents.

GROSSE, A.C.J.—Appellants Keith Milton Rhinehart and The Aquarian Foundation appeal the trial court's order dismissing their actions against The Seattle Times, Inc., and its reporters Erik Lacitis (*Rhinehart II*—filed in 1982) and Ross Anderson (*Rhinehart III*—filed in 1986) for alleged defamation and the damages resulting therefrom. *Rhinehart* III was dismissed on summary judgment. *Rhinehart* II was dismissed for failure to obey the court's discovery order under CR 37.

Rhinehart is the leader of a Seattle–based spiritualist organization, The Aquarian Foundation. Rhinehart and The Aquarian Foundation (collectively referred to herein as Rhinehart) have filed several complaints against the Times.

This consolidated appeal involves two of the cases which were consolidated in the trial court. *Rhinehart* II was a 1982 libel lawsuit based on articles written by Seattle Times reporter Erik Lacitis. *Rhinehart* III was a 1986 libel lawsuit based on articles written by Seattle Times reporter Ross Anderson. These suits were the second and third in a series of cases filed by Rhinehart against the Times. Rhinehart also filed actions against the Seattle based television station KIRO, Inc., and its owner. The previous cases and these new ones are basically a reargument of the same issues of defamation, discovery, and dismissal for failure to comply with discovery orders. Issues similar to those

brought by this appeal are the subject of a recent Supreme Court opinion, *Snedigar v. Hoddersen,* 114 Wn.2d 153, 786 P.2d 781 (1990). Also at issue is the proper determination of attorney's fees.

In May of 1988, this court affirmed the dismissal of Rhinehart's first complaint (*Rhinehart* I) because of repeated refusals to comply with the trial court's discovery orders. *Rhinehart v. Seattle Times Co.,* 51 Wn. App. 561, 573–78, 754 P.2d 1243, *review denied,* 111 Wn.2d 1025 (1988), *cert. denied,* 490 U.S. 1015, 104 L. Ed. 2d 174, 109 S. Ct. 1736 (1989). That decision also held that the appeal was frivolous and in bad faith. After these lawsuits were filed, the Times sought discovery from Rhinehart. Again, Rhinehart resisted discovery and objected. A protective order was entered to protect Rhinehart's privacy interest and that of his church and membership, yet he still failed to produce the requested documentation. The trial court heard many motions about the various requests for production of documents. Eventually the Times moved for summary judgment in both of these cases. These motions were heard and *Rhinehart* III was dismissed on summary judgment, dismissing the suit with prejudice and awarding the Times its fees and costs. The trial court initially reserved its decision in *Rhinehart* II. On May 12, 1988, the court entered an order awarding expenses and attorney's fees in *Rhinehart* III. In its findings the court held that the lawsuit was frivolous and advanced without reasonable cause, and further found that the suit was brought to harass and needlessly increase the cost of the litigation to the Times and other defendants. The court ordered Rhinehart to pay $40,000 in attorney's fees and $1,981.21 in costs based on the affidavit of counsel for the Times.[1] On May 13, 1988, the trial court dismissed *Rhinehart* II and awarded defendants attorney's fees incurred because of Rhinehart's refusal to obey its discovery order.

---

[1]The court reduced the requested amount of the fees from $66,699.02 to $40,000.

■ Rhinehart has not challenged any of the findings of fact or conclusions of law in this case. This is best shown by reference to counsel's argument at page 71 of the appellants' brief. In discussing *Streater v. White,* 26 Wn. App. 430, 613 P.2d 187 (1980), counsel argues that the challenges were to the findings of fact and not to the legal principles, whereas in this case, appellants are directly challenging the legal principles. Findings of fact to which no error is assigned are accepted as verities on appeal. *Kelly v. Powell,* 55 Wn. App. 143, 146, 776 P.2d 996 (1989) (fees and costs awarded to respondent on reconsideration Nov. 30, 1989); *see also State v. Harris,* 106 Wn.2d 784, 790, 725 P.2d 975 (1986), *cert. denied,* 480 U.S. 940 (1987). In addition, throughout the appellants' brief contentions are made without citation to authority. A contention not supported by authority or argument need not be considered on appeal. RAP 10.3(a)(5); *McKee v. American Home Prods. Corp.,* 113 Wn.2d 701, 705, 782 P.2d 1045 (1989); *Bremerton v. Shreeve,* 55 Wn. App. 334, 338, 777 P.2d 568 (1989). Appellate courts will only review a claimed error if it is included in an assignment of error, or clearly disclosed in the associated issue included in the brief. It must also be supported by argument and citation to legal authority. *BC Tire Corp. v. GTE Directories Corp.,* 46 Wn. App. 351, 355, 730 P.2d 726 (1986), *review denied,* 108 Wn.2d 1013 (1987); RAP 10.3(a)(5); RAP 10.3(g).

Although Rhinehart has failed to set out proper assignments of error, the manner in which the claimed errors are set forth and described in the brief is adequate to understand what has been asserted as error. The Times had no difficulty in responding directly to the issues raised and the failure to properly assign error was not prejudicial to appellate review.[2]

---

[2]Counsel for Rhinehart should note that rules on appeal are to be followed and that the Court of Appeals is not required to decide an appeal on its merits where the rules have not been followed.

## I

Rhinehart first alleges the trial court erred in dismissing the complaint. Subsumed under this issue are most of the issues already determined by other courts in the prior *Rhinehart* cases. Specifically, Rhinehart reargues that the court erred in ordering Rhinehart to produce the membership lists, donation records, and the videotape of the performance at the Washington State Penitentiary in Walla Walla. Additionally, Rhinehart alleges that the court erred in dismissing the complaint for failure to comply with discovery orders.

Rhinehart contends that requiring the production of the material violates its First Amendment rights of freedom of association and free exercise of religion. This argument was previously rejected in *Rhinehart v. Seattle Times Co.,* 98 Wn.2d 226, 257, 654 P.2d 673 (1982), *aff'd,* 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984); *Rhinehart v. Seattle Times Co.,* 51 Wn. App. at 569–72; and *Rhinehart v. KIRO, Inc.,* 44 Wn. App. 707, 708, 723 P.2d 22 (1986), *review denied,* 108 Wn.2d 1008, *appeal dismissed,* 484 U.S. 805 (1987).

Rhinehart contends the trial court failed to balance the Foundation's rights against the Times' interest in defending the action. However, a protective order was entered indicating the documents could only be used for purposes of this litigation. Similar orders have been held adequate to protect the Foundation against discovery abuse. *See Rhinehart v. Seattle Times Co.,* 98 Wn.2d at 257; 51 Wn. App. at 571; *Rhinehart v. KIRO, Inc.,* 44 Wn. App. at 709. There is no basis to distinguish this case from the prior cases on this issue.

Recently, in *Snedigar v. Hoddersen,* 114 Wn.2d 153, 786 P.2d 781 (1990), the Supreme Court adopted an analysis to be used in determining whether First Amendment privileges preclude or limit discovery. First, the party asserting the privilege must make an initial showing that disclosure would, with some probability, harm its First Amendment rights. If this preliminary showing of privilege

is made, the burden shifts to the party seeking discovery to establish the relevance and materiality of the information sought and to show that reasonable efforts to obtain this information by other means have been unsuccessful. If the burden is met the trial court then balances the parties' competing claims of privilege and need. At the Court of Appeals level in *Snedigar v. Hoddersen,* 53 Wn. App. 476, 768 P.2d 1 (1989), *aff'd in part, rev'd in part,* 114 Wn.2d 153, 786 P.2d 781 (1990), the court held that the party resisting discovery did not meet the burden of establishing the information sought was constitutionally privileged. The court, therefore, declined to reach the relevancy issue. The Supreme Court in its opinion indicated the Freedom Socialist Party had made the threshold showing of associational privilege and that it was necessary for the trial court to evaluate the relevancy of the disclosure and therefore balance the parties' competing interests.

Although both *Snedigar* opinions were filed after the trial court decision in these cases, the trial court essentially followed the same approach as that set out in the Supreme Court's decision in *Snedigar.* Indeed, under *Snedigar,* the second and third steps of relevancy evaluation and balancing would not be reached here because the findings and conclusions of the prior cases have already determined that Rhinehart has not shown some probability that the requested disclosure would impinge on the Foundation's constitutional rights, especially in light of the protective orders.[3]

## II

Rhinehart further contends that the trial court erred in dismissing the action for failure to comply with the discovery order because the noncompliance was not willful and the Times was not prejudiced.

---

[3]In addition, Rhinehart contends that the decisions in these prior cases are ill reasoned and in conflict with the law of other jurisdictions and should now be reversed. At this juncture, a reversal could only come from the Supreme Court. *See State v. Gore,* 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984).

■■ The trial court has broad discretion under CR 37 to impose sanctions for noncompliance with a discovery order and its decision will not be overturned absent a manifest abuse of discretion. *Rhinehart v. KIRO, Inc.*, 44 Wn. App. at 710; *Associated Mortgage Investors v. G.P. Kent Constr. Co.*, 15 Wn. App. 223, 548 P.2d 558, *review denied*, 87 Wn.2d 1006 (1976); *see also Anderson v. Mohundro*, 24 Wn. App. 569, 604 P.2d 181 (1979) (upholding dismissal of plaintiff's action because of willful and deliberate noncompliance with the trial court's discovery order), *review denied*, 93 Wn.2d 1013 (1980). In the prior *Rhinehart* cases this court upheld dismissal of the complaints where the plaintiffs supplied vague or incomplete responses or failed to respond to interrogatories and requests for production following issuance of orders compelling discovery, subject to protective orders such as here. Here again, the record supports the conclusion that Rhinehart's violation of the discovery rules was willful and deliberate, *i.e.*, was done without reasonable excuse. *Rhinehart v. Seattle Times Co.*, 51 Wn. App. at 577. The Times was prejudiced in its ability to prepare its defense and no less drastic action would have sufficed. *Rhinehart v. Seattle Times Co.*, 51 Wn. App. at 577; *Rhinehart v. KIRO, Inc.*, 44 Wn. App. at 711. The trial court did not abuse its discretion in dismissing Rhinehart's complaint.

## III

Next, Rhinehart contends the trial court erred in awarding attorney's fees and costs and, further, even if fees and costs are allowable, a sufficient determination of a reasonable amount was not made by the trial court. Although not specifically set out in a challenge to the finding of fact, Rhinehart argues with the trial court's determination that his claims in *Rhinehart* III were frivolous in violation of RCW 4.84.185. Part of this attack deals with a challenge that the concept of "frivolity" is unconstitutional.

The decision to make an award of attorney's fees under RCW 4.84.185 is left to the discretion of the trial court and

will not be disturbed in the absence of a clear showing of abuse. *Clarke v. Equinox Holdings, Ltd.,* 56 Wn. App. 125, 131–33, 783 P.2d 82, *review denied,* 113 Wn.2d 1001 (1989); *see also Fluke Capital & Mgt. Servs. Co. v. Richmond,* 106 Wn.2d 614, 625, 724 P.2d 356 (1986). A trial court cannot be said to abuse its discretion in awarding attorney's fees under RCW 4.84.185 if the facts alleged do not state a cause of action that can be supported by any rational argument on the law or facts. *Camer v. Seattle Sch. Dist. 1,* 52 Wn. App. 531, 539, 762 P.2d 356 (1988), *review denied,* 112 Wn.2d 1006, *cert. denied,* ___ U.S. ___, 107 L. Ed. 2d 157, 110 S. Ct. 204 (1989).

■■ This State has developed a clear standard for determining whether an appeal is frivolous and brought for the purpose of delay. *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983); *Streater v. White,* 26 Wn. App. 430, 434, 613 P.2d 187, *review denied,* 94 Wn.2d 1014 (1980). *See also Bill of Rights Legal Found. v. The Evergreen State College,* 44 Wn. App. 690, 696–97, 723 P.2d 483 (1986). Unlike Rhinehart's argument to the contrary, the "concept of frivolity" is neither vague, nor unconstitutional. A frivolous action is one that cannot be supported by any rational argument on the law or facts. *Camer,* at 539; *Bill of Rights Legal Found.,* at 696–97. This standard requires the trial court to exercise its judgment in determining whether an action can be supported by any rational argument. It is not vague. *See State v. Worrell,* 111 Wn.2d 537, 544, 761 P.2d 56 (1988) (criminal statute is not unconstitutionally vague where statutory language lends itself to commonsense interpretation and the phrase has been interpreted in case law providing additional guidance to its meaning). The burden of proving a statute unconstitutional is on the party challenging the statute. The burden on the challenging party is that the statute must be proven to be unconstitutional beyond a reasonable doubt. *State v. Brayman,* 110 Wn.2d 183, 193, 751 P.2d 294 (1988). Rhinehart has not met this test.

Rhinehart also challenges the determination by the trial court that there was a violation of CR 11. The determination of whether a violation of CR 11 has occurred is within the sound discretion of the trial court. *John Doe v. Spokane & Inland Empire Blood Bank,* 55 Wn. App. 106, 110, 780 P.2d 853 (1989). If the court determines that a violation has occurred, the rule makes the imposition of sanctions mandatory. *Miller v. Badgley,* 51 Wn. App. 285, 301, 753 P.2d 530, *review denied,* 111 Wn.2d 1007 (1988). The trial court retains broad discretion regarding the nature and scope of sanctions which could range from a reprimand to the full award of attorney's fees and other appropriate penalties. *Badgley,* at 303.

A plaintiff's complaint may subject the party to CR 11 sanctions if three conditions are met: (1) the action is not well grounded in fact; (2) it is not warranted by existing law; and (3) the attorney signing the pleading has failed to conduct reasonable inquiry into the factual or legal basis of the action. CR 11. The reasonableness of an attorney's inquiry is evaluated by an objective standard. *Badgley,* at 299-300.

Most of the issues in this case have been raised and rejected in at least two prior cases. The remaining issues are not debatable. The case is so devoid of merit that there was no reasonable possibility of success. The trial court did not abuse its discretion in awarding fees under either RCW 4.84.185 or CR 11.

Next, we must determine whether the trial court abused its discretion by failing to create a sufficient record as to the amount of attorney's fees to permit a proper review or, in the alternative, whether the record, if any before this court, shows the reasoning by which the trial court set the fees at the amount in the findings and conclusions. The issue has merit. *See Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 596, 675 P.2d 193 (1983); *Progressive Animal Welfare Soc'y v. UW,* 54 Wn. App. 180, 186-87, 773 P.2d 114 (1989), *aff'd,* 114 Wn.2d 677, 790 P.2d

604 (1990). Unfortunately, the verbatim report of proceedings, if any, as to determination of fees, and why the trial judge set them or reduced them from the requested amount of $66,699 to $40,000, is not before the court. While the determination of the fees at trial is best left up to the trial court, that court must make a sufficient record to enable the appellate court to conduct a proper review. Because there is no record of the hearing before us in this case, we cannot undertake a proper review and must remand to the trial court.

The Times seeks the imposition of sanctions on appeal in the form of attorney's fees and costs pursuant to RAP 18.9(a). RAP 18.9(a) authorizes this court to impose sanctions against a party who brings an appeal that is frivolous and brought for the purpose of delay. *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d at 15; *Streater v. White,* 26 Wn. App. at 434. Sanctions may include, as compensatory damages, an award of attorney's fees to the opposing party. *See* Comment, RAP 18.9, 86 Wn.2d 1272 (1976); *Bill of Rights Legal Found. v. The Evergreen State College, supra.* In addition, if an appeal is found to be frivolous, this court can award CR 11 sanctions pursuant to RAP 18.7 against the party or his counsel filing the frivolous and nonmeritorious action. *See Layne v. Hyde,* 54 Wn. App. 125, 136, 773 P.2d 83, *review denied,* 113 Wn.2d 1016 (1989).

While the issues in this case have been raised again and again and rejected each time, there is one issue that has merit and that is how the trial court determined the reasonableness of the attorney's fees, an issue which we cannot determine on the record before us. Therefore, not all of the appeal can be said to be frivolous and request for fees on appeal will be denied.

The decision of the trial court is affirmed except as to the issue of the amount of attorney's fees. However, because the issue of attorney's fees has already been the subject of one hearing in the trial court and is a subject of this appeal, and because the history of this matter and related cases is such that further appeals appear certain, we find that the

appropriate remedy is for this court to retain jurisdiction to refer this case to the trial court either for entry of additional findings on the determination of the issue of attorney's fees in accordance with *Bowers,* or in the alternative to have the record supplemented by filing the verbatim report of proceedings on the determination of the attorney's fees.

Therefore, it is hereby ordered that this matter is referred to the trial judge who entered the orders that are the subject of this appeal for entry of additional findings of fact on the issue of the proper amount of attorney's fees to be awarded to respondents for their defense of these matters through trial or, in the alternative, in its discretion, if the trial court finds that a verbatim report of the hearing on the issue of attorney's fees exists, and that it is sufficient for this court to determine whether the award was properly considered by the trial court, then the trial court may order the supplementation of the record in this court. If the trial court decides to make additional findings, these findings shall be made from the record as presently constituted, unless the trial judge determines that additional evidence is necessary in order to comply with the principles set forth in this opinion. Any hearing hereon, the entry of the findings, or the supplementation of the record, shall be accomplished within 30 days of the filing of this opinion and order. After entry, the parties shall cause the verbatim report, the findings, and any objections thereto, to be immediately transmitted to this court for such further action as shall prove necessary.

PEKELIS and BAKER, JJ., concur.

Reconsideration denied September 24, 1990.