# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TEMPLAR LABEL GROUP, INC., a New York corporation, | ) ) ) | No. 72265-4-I |
| | ) | DIVISION ONE |
| Plaintiff, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SUB POP, LTD., a Washington corporation, | ) ) ) | |
| | ) | FILED: July 27, 2015 |
| Respondent, | ) ) | |
| ANTHONY E. MCNAMER, | ) ) | |
| Appellant. | ) ) | |

LEACH, J. — Attorney Anthony McNamer appeals a trial court's CR 11 sanction against him based on his failure to conduct a reasonable inquiry into the identity of the proper defendant or the standing of his client to assert claims under a personal services contract, to which it was not a party, before filing a complaint and a series of motions. Because he fails to establish any abuse of discretion, we affirm. We also grant the request of Sub Pop Ltd. for fees on appeal under RAP 18.9(a).

## FACTS

This litigation arises from a recording contract entered in 2001 between Bright Gray Productions LLC, formerly d/b/a/ DCide, and music artist Ishmael

Butler. In November 2013, Templar Label Group Inc. filed a complaint seeking damages for interference with business relations and interference with contract against Sub Pop Ltd. The complaint identifies Templar as the successor in interest to DCide and alleges that in 2009 Butler entered a new recording contract with Sub Pop in material breach of his exclusive contract with DCide. Attorney Anthony McNamer signed the complaint.

Sub Pop Ltd. answered the complaint, denying all claims, asserting affirmative defenses, and alleging counterclaims on Butler's behalf. The answer states that Templar "has sued the wrong entity in this matter and that Sub Pop, Ltd. is not a proper party respecting any of the allegations or claims asserted by" Templar. The answer also alleges that Templar "lacks standing to bring this action because it is not a proper assignee of the claims of . . . DCide respecting Butler."

In February 2014, the trial court considered Templar's motion to dismiss the counterclaims asserted by Sub Pop Ltd., as well as a Sub Pop Ltd. motion to dismiss Templar's claims. Finding that Templar failed to establish standing to assert claims under the DCide contract with Butler, the court dismissed Templar's claims with prejudice. The court dismissed the counterclaims asserted by Sub Pop Ltd. "without prejudice to be pursued in the appropriate forum."

Sub Pop Ltd. filed a motion for an award of attorney's fees of $2,980 pursuant to CR 11. Following briefing, the trial court found that although Sub Pop Ltd. raised Templar's lack of standing in negotiations with McNamer before he filed the complaint and stated that it was not the proper defendant in its answer,

> 1.7 Templar's counsel, Anthony McNamer, conducted no discovery to determine the proper party or its own standing to pursue the action after November 5, 2013, when this action was filed, through deposition, interrogatories, inquiry of defense counsel, or otherwise. Nonetheless, Anthony McNamer, as counsel for Plaintiff Templar, proceeded to file, beginning on December 30, 2013, a series of motions and pleadings including Plaintiff Templar's Motion to Dismiss Defendant Sub Pop, Ltd.'s Counterclaims, Plaintiff Templar's Motion to Consolidate to Add Sub Pop Records, and Plaintiff Templar's Motion to Shorten Time, to name a few.
>
> 1.8 Although this Court finds that the pre-filing investigation by Plaintiff's counsel, Anthony McNamer, was inadequate to resolve the conceded confusion by Mr. McNamer as to the proper defendant, since, among other things, the wrong party was sued, for the purpose of considering sanctions in this matter, this Court considers even more significant the motion practice initiated against Sub Pop, Ltd. without any reasonable inquiry as mandated under CR 11.
>
> 1.9 Given the serious questions regarding proper party and standing, ultimately resolved against Plaintiff Templar on the merits, these post-filing motions needlessly increased the cost of litigation, imposing significant legal fees upon an innocent party, Sub Pop, Ltd., without Mr. McNamer having undertaken the inquiry reasonable under the circumstances.
>
> 1.10 For its part, Sub Pop, Ltd. reasonably had to respond to Templar's motions, all filed by Mr. McNamer, without his first having established either standing or that suit had been commenced against the correct entity.
>
> . . . .

1.13 In addition, Defendant Sub Pop, Ltd., properly sought recovery of reasonable attorney's fees incurred by [it] in response to Templar's motions, filed by Mr. McNamer. Not only was Sub Pop, Ltd. an innocent party that ought never to have been named, but Sub Pop, Ltd. was sued and required to answer and respond to motions notwithstanding the fact that Templar had no standing to bring the claims in the first instance.

The trial court determined that "Templar's motions, filed by Mr. McNamer, were neither well-grounded in fact, nor warranted by existing law or a good faith extension or reversal of existing law." The court imposed CR 11 sanctions of $3,179.91, consisting of fees, costs, and reasonable attorney fees, against both Templar and McNamer, jointly and severally.

McNamer appeals.

## ANALYSIS

Attorneys and parties who sign and file a pleading, motion, or legal memorandum to the court must comply with CR 11 requirements. These include that the pleading is well grounded in fact and warranted by existing law and that it was not brought to harass, cause unnecessary delay, or increase costs in litigation.[1] The rule's purpose is to deter baseless filings and curb abuses of the judicial system but not to chill enthusiasm or creativity in pursuing factual or legal theories.[2] Courts employ an objective standard in evaluating an attorney's conduct and test the appropriate level of prefiling investigation by inquiring what

---

[1] CR 11.
[2] Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992).

was reasonable to believe at the time the pleading was filed.[3] CR 11 requires that a pleading have a factual and legal basis. When a court finds either is missing, the court must also find that the pleading's author failed to conduct a reasonable inquiry into the pleading's factual and legal basis.[4] In imposing sanctions, the trial court must make findings specifying the actionable conduct.[5]

We review a trial court's imposition of CR 11 sanctions for abuse of discretion.[6] Whether or not a reasonable inquiry was made depends on the circumstances of a particular case. The trial court knows the tenor of the litigation and is in the best position to determine whether facts exist to impose sanctions.[7]

McNamer does not challenge the amount of the sanctions. Instead, he first argues that his initial investigation before filing the complaint was reasonable because (1) he knew that a "Sub Pop" entity entered a recording contract with Butler and (2) Sub Pop Ltd. is the first of three "Sub Pop" entities registered in the corporate database of the Washington Secretary of State. He claims that it would have been unreasonable to withdraw Templar's allegations against Sub

---

[3] Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994); Bryant, 119 Wn.2d at 220.
[4] Bryant, 119 Wn.2d at 220.
[5] N. Coast Elec. Co. v. Selig, 136 Wn. App. 636, 649, 151 P.3d 211 (2007).
[6] Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338-39, 858 P.2d 1054 (1993).
[7] Miller v. Badgley, 51 Wn. App. 285, 300-01, 753 P.2d 530 (1988).

Pop Ltd. based on the mere allegation that it was not the proper defendant. He also claims that further discovery was unnecessary because its assertion of counterclaims demonstrated that Sub Pop Ltd. was "intimately related to the dispute." Second, McNamer claims that his inquiry into existing law was reasonable because he cited legal authority for his arguments on standing and the trial court "failed to explain why" that authority "did not control."

Essentially, without disputing the trial court's description of the circumstances of the case, McNamer disagrees with its objective evaluation of the reasonableness of his conduct. But the trial court carefully considered the record and entered detailed findings supporting the award of sanctions. McNamer has not assigned error to the court's findings; they are verities on appeal.[8] And the record supports the trial court's findings. Despite receiving notice that Sub Pop Ltd. had not entered a recording contract with Butler, McNamer did not initiate any discovery to investigate their relationship before filing additional motions. And without a coherent legal theory to establish that Templar had standing to assert claims under a personal services contract, to which it was not a party, McNamer filed motions based on particular provisions of that contract. The trial court did not abuse its discretion by determining that,

---

[8] Robel v. Roundup Corp., 148 Wn.2d 35, 42, 59 P.3d 611 (2002); Harrington v. Pailthorp, 67 Wn. App. 901, 911, 841 P.2d 1258 (1992) (unchallenged findings of fact in support of sanctions award are verities on appeal).

under the circumstances, McNamer failed to conduct a reasonable inquiry into the relevant facts and applicable law before filing the complaint and motions.

Also, without citation to authority, McNamer contends the trial court lacked authority to enter judgment against him when the initial motion for fees and preliminary order on sanctions named only Templar. We need not consider arguments not supported by meaningful analysis or citation to pertinent authority.[9]

Moreover, CR 11 authorizes the court "upon motion or upon its own initiative" to impose a sanction "upon the person who signed" a pleading or motion in violation of the rule, or "a represented party, or both." And the trial court specifically requested supplemental briefing "on the issue of who should properly be named as judgment debtors in this matter."

Sub Pop Ltd. requests an award of attorney fees as a sanction for McNamer's frivolous appeal. RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal to pay sanctions, including an award of attorney fees and costs to the opposing party.[10]

---

[9] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[10] Yurtis v. Phipps, 143 Wn. App. 680, 696, 181 P.3d 849 (2008) (citing Rhinehart v. Seattle Times, Inc., 59 Wn. App. 332, 342, 798 P.2d 1155 (1990)).

An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal. And we resolve all doubts to whether an appeal is frivolous in favor of the appellant.[11]

Because McNamer has not challenged the trial court's detailed factual findings and merely disagrees with the trial court's determination as to the reasonableness of his actions, we are convinced that the appeal presents no debatable issues upon which reasonable minds might differ and is devoid of merit. We award reasonable appellate attorney fees to Sub Pop Ltd. under RAP 18.9 upon compliance with RAP 18.1.

Affirmed.

WE CONCUR:

---

[11] Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007) (citation omitted).

-8-