
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KAREN S. POOLEY,

    Appellant,

v.

QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON, a
Washington corporation, QUALITY
LOAN SERVICE CORP., a California
corporation, ASHLEY V. HENNESSEE,
as representative of QUALITY LOAN
SERVICE CORP., QUALITY LOAN
SERVICE CORP. OF WASHINGTON,
and as herself individually,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 73705-8-I

UNPUBLISHED OPINION

FILED: August 14, 2017

DWYER, J. — Karen Pooley appeals from orders of the superior court. We affirm.

## I

This opinion has not been selected for publication. The facts of this case are known to the parties and need not be set forth herein.

## II

We review de novo a trial court's order granting summary judgment, performing the same inquiry as the trial court. MacMeekin v. Low Income Hous. Inst., Inc., 111 Wn. App. 188, 195, 45 P.3d 570 (2002). An order granting summary judgment may be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). In

reviewing a summary judgment order, we view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Holmquist v. King County, 182 Wn. App. 200, 207, 328 P.3d 1000 (2014).

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Young v. Key Pharms, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the defendant is the moving party, that burden may be met by demonstrating that there is an absence of evidence to support the nonmoving party's case. Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991) (citing Young, 112 Wn.2d at 225). Once that burden is met, the burden shifts to the plaintiff to set forth specific facts showing that there is a genuine issue for trial. Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988). The party opposing a motion for summary judgment "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

III

Pooley first contends that the promissory note that she signed is unenforceable because the identity of the note holder is unknown. She is wrong.

A "person entitled to enforce" a negotiable instrument is "the holder of the instrument." RCW 62A.3-301. The "holder" of a note is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an

identified person that is the person in possession." RCW 62A.1-201(b)(21)(A).

In instances where the original note has been lost, RCW 62A.3-309 governs enforcement of the note. A "Lost Note Affidavit, with the endorsement in blank appearing on its face, [is] sufficient to replace the original Note." In re Allen, 472 B.R. 559, 567 (B.A.P. 9th Cir. 2012).

Here, JPMorgan Chase Bank, National Association (Chase) physically holds the note. Although the original note was lost, Chase executed a lost note affidavit and attached a copy of the original note. This is sufficient to replace the original note. Allen, 472 B.R. at 567. Thus, Chase is the note holder entitled to enforce the note. See 5A RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE § 3-301:9, at 572 (rev. ed. 1994) ("The Code declares the right of the holder to enforce the paper. The payee in possession of paper is the holder and may sue on the paper, as against the contention that the payee is not the real party in interest, did not give value, or was not a holder in due course." (footnote omitted)). Pooley's contention fails.[1]

## IV

Pooley next contends that Quality Loan Service Corporation of Washington and Quality Loan Service Corporation (collectively Quality) breached

---

[1] Pooley contends that the lost note affidavit is insufficient to replace the original note. This is so, she asserts, because the note provides an alternative remedy:

> If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Note Holder delivers to me an indemnification in my favor, signed by the Note Holder, then I will sign and deliver to the Note Holder a Loan Document identical in form and content which will have the effect of the original for all purposes.

Pooley's contention fails. Although the note itself provides one remedy for a lost note, this provision does not act to exclude all other remedies available by law. The lost note affidavit is one such remedy.

its duty of good faith pursuant to the deeds of trust act (DTA), chapter 61.24 RCW, a violation of the Consumer Protection Act (CPA), chapter 19.86 RCW.

Trustees have an obligation to remain impartial and protect the interests of *all* of the parties, including the borrower. Lyons v. U.S. Bank Nat'l Ass'n, 181 Wn.2d 775, 787, 336 P.3d 1142 (2014). "A foreclosure trustee must 'adequately inform' itself regarding the purported beneficiary's right to foreclose, including, at a minimum, a 'cursory investigation' to adhere to its duty of good faith." Lyons, 181 Wn.2d at 787 (internal quotation marks omitted) (quoting Walker v. Quality Loan Serv. Corp., 176 Wn. App. 294, 309-10, 308 P.3d 716 (2013)). A trustee's failure to act impartially between note holders and mortgagees can support a CPA claim. Lyons, 181 Wn.2d at 787.

"To prevail on a CPA claim, a plaintiff must show that the defendant engaged in an unfair or deceptive act or practice that occurred in trade or commerce, that affected the public interest, and that injured the plaintiff's business or property, and that there is a causal link between the unfair or deceptive act and the injury suffered." Deegan v. Windermere Real Estate/Center-Isle, Inc., 197 Wn. App. 875, 885, 391 P.3d 582 (2017) (citing Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 74, 170 P.3d 10 (2007)). "Failure to satisfy even one of the elements is fatal to a CPA claim." Sorrel v. Eagle Healthcare, Inc., 110 Wn. App. 290, 298, 38 P.3d 1024 (2002).

Violations of the DTA may be actionable under the CPA regardless of whether a foreclosure sale has been completed. The analysis of the elements of

a CPA action premised on an alleged DTA violation is the same analysis as any other CPA claim premised on unfair or deceptive practices. Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 432, 334 P.3d 529 (2014).[2]

A

Pooley contends that Quality violated its duty of good faith by relying on what she asserts to be a facially ambiguous beneficiary declaration. We disagree.

Pursuant to RCW 61.24.030(7)(a), a trustee must have proof that the beneficiary is the owner of any promissory note before recording the notice of trustee's sale. A foreclosure trustee's reliance on an ambiguous beneficiary declaration constitutes a violation of the trustee's duty of good faith under the DTA. Lyons, 181 Wn.2d at 790-91.

Here, the beneficiary declaration provided to Quality is not ambiguous. Rather, the declaration clearly identifies the beneficiary and owner of the note. Moreover, the beneficiary declaration was not the only document available to Quality establishing the beneficiary's ownership of the note. No violation of the duty of good faith is established.

B

Pooley next contends that Quality failed to adhere to the preforclosure requirements of the Foreclosure Fairness Act (FFA) before issuing its third notice of trustee's sale. Pooley asserts that such failure is a per se violation of the CPA.

---

[2] Washington courts do not recognize a cause of action for a presale, independent violation of the DTA. Frias, 181 Wn.2d at 417. Pooley asserts various technical violations of the DTA without analyzing those alleged violations in the context of a CPA claim. Those claims thus fail.

Pursuant to RCW 61.24.135, it is a per se violation of the CPA to fail to initiate contact with a borrower and exercise due diligence as required by the FFA. The FFA, RCW 61.24.031, details the due diligence requirements to be performed by the beneficiary or authorized agent.

The plain language of the FFA makes clear that only the beneficiary or its authorized agent is responsible for exercising due diligence in initiating contact with the borrower and providing the borrower with a letter conforming to the statutory requirements. RCW 61.24.031(1)(b) ("A *beneficiary or authorized agent* shall make initial contact . . . ." (emphasis added)); RCW 61.24.031(5) ("A notice of default may be issued under RCW 61.24.030(8) if a *beneficiary or authorized agent* has initiated contact . . . ." (emphasis added)). Quality is neither the beneficiary nor its authorized agent. Thus, no per se violation of the CPA is established.[3]

## C

Pooley also asserts various other violations of the DTA but fails to establish all necessary elements of a CPA claim.

Pooley accuses Quality of failing to provide the telephone number of the beneficiary and of misrepresenting the identity of the beneficiary in the 2010 notice of default. Pooley also complains that Quality did not obtain a copy of the note until 2013 and asserts that Quality relied on two differing and conflicting

---

[3] Pooley failed to otherwise demonstrate that Quality's issuance of the third notice of trustee's sale satisfies all necessary elements of a CPA claim. Notably, Pooley expressly declined to address how she was injured by Quality's conduct—asserting instead that "actual damages were exhaustively outlined and were generally undisputed on summary judgment." Br. of Appellant at 44. Contrary to her assertion, damages were heavily disputed on summary judgment and entirely unrelated to the third notice of trustee's sale.

appointment of successor trustee documents. Although Pooley contends that this conduct constitutes unfair or deceptive acts, she fails to address any of the other necessary elements of a CPA claim. Moreover, her assertions are largely unsupported by the record. She establishes no entitlement to appellate relief on these claims.

The remainder of Pooley's claims relate to her assertion that Quality violated its duty of good faith by failing to halt foreclosure and investigate the identity of the beneficiary. But Quality adequately informed itself as to the beneficiary's right to foreclose and Chase's authority to enforce the note. Quality communicated the findings of its various investigations to Pooley. Because Quality owes a duty of good faith to *all* parties—including the beneficiary—Pooley's assertion that Quality should have immediately halted foreclosure per her demands fails.[4] Lyons, 181 Wn.2d at 787.

V

Finally, Pooley contends that the trial court erred by awarding defendants McCarthy & Holthus, LLP (M&H) fees and costs pursuant to RCW 4.84.185 and CR 11.

"The decision to make an award of attorney's fees under RCW 4.84.185 is left to the discretion of the trial court and will not be disturbed in the absence of a

_____

[4] For the first time in her reply brief—and in a confusing manner—Pooley asserts that Quality fraudulently concealed the identity of the beneficiary from her and from the trial court. Pooley cites to RCW 74.09.210(1)(b), a statute addressing fraudulent practices used to obtain medical care benefits or payments.
"An issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). To the extent that her contention raises an issue not addressed in her opening brief, we decline to address it.

clear showing of abuse." Rhinehart v. Seattle Times, Inc., 59 Wn. App. 332, 339-40, 798 P.2d 1155 (1990) (citing Clarke v. Equinox Holdings, Ltd., 56 Wn. App. 125, 131-33, 783 P.2d 82 (1989)). "A trial court cannot be said to abuse its discretion in awarding attorney's fees under RCW 4.84.185 if the facts alleged do not state a cause of action that can be supported by any rational argument on the law or facts." Rhinehart, 59 Wn. App. at 340 (citing Camer v. Seattle Sch. Dist. No. 1, 52 Wn. App. 531, 539, 762 P.2d 356 (1988)).

"The determination of whether a violation of CR 11 has occurred is [also] within the sound discretion of the trial court." Rhinehart, 59 Wn. App. at 341 (citing Doe v. Spokane & Inland Empire Blood Bank, 55 Wn. App. 106, 110, 780 P.2d 853 (1989)). Sanctions are mandatory if the court determines that a violation has occurred. Rhinehart, 59 Wn. App. at 341 (citing Miller v. Badgley, 51 Wn. App. 285, 301, 753 P.2d 530 (1988)). A trial court has broad discretion regarding the nature and scope of the sanctions that it imposes. Rhinehart, 59 Wn. App. at 341 (citing Badgley, 51 Wn. App. at 303).

Pooley asserted claims of civil conspiracy and joint venture liability against M&H. The trial court dismissed the claims against M&H on summary judgment and awarded M&H attorney fees and costs.

Pooley failed to set forth evidence establishing either civil conspiracy or joint venture liability in support of her amended complaint. In her reply to M&H's motion to dismiss, Pooley relied on inadmissible hearsay, argumentative assertions, legal conclusions, and statements made without substantiation. All of

the pleadings related to M&H were frivolous and advanced without reasonable cause. The trial court did not abuse its discretion by so ruling.[5]

Affirmed.

We concur:

_Dwyer, J._

_Mann, J._                    _Leach, J._

---

[5] M&H requests an award of costs and fees on appeal pursuant to RAP 18.1(a). Because we agree that Pooley's claims against M&H were frivolous, we grant M&H an award of fees and costs for defending this appeal. Upon proper compliance with our rules, a commissioner of our court will enter an appropriate award by order.