# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KEITH ALAN ANDERSON, an individual, | No. 52065-6-II |
| Plaintiff, | |
| v. | |
| TERRY OKEN PHILLIPS, a married individual, | UNPUBLISHED OPINION |
| Appellant, | |
| PATRICK WILLIAMS, an individual, ANNETTE CHAPMAN and CHARLES CHAPMAN, husband and wife and the community property composed thereof, | |
| Respondents. | |

CRUSER, J. — Terry Oken Phillips appeals from the superior court's order dismissing his

breach of contract and breach of fiduciary duty cross claims against Patrick Williams, Charles

Chapman, and Annette Chapman (the Respondents) on summary judgment.[1] Phillips argues that

the superior court erred by failing to consider facts related to actions taken by the Respondents

---

[1] The superior court dismissed additional cross claims on summary judgment and for failure to state a claim, including a cross claim for misrepresentation. Because Phillips does not present any argument related to the other cross claims, we examine only the breach of contract and breach of duty cross claims.

after he purchased property from another party and joined in a joint venture agreement with the Respondents.[2]

We hold that, in all but one instance, the facts that Phillips asserts the superior court failed to consider related to actions taken after Phillips joined in the joint venture agreement and did not relate to the breach of contract or breach of duty cross claims, so the trial court was not required to consider those facts. We further hold that although the trial court failed to consider one fact related to Phillips's breach of fiduciary duty cross claim, that claim was still properly dismissed on summary judgment. Accordingly, we affirm the superior court's summary judgment order. We also award attorney fees and costs to the Respondents under RAP 18.9.

FACTS

I. PURCHASE OF THE PROPERTY AND ORIGINAL JOINT VENTURE AGREEMENT

In November 1993, Anderson and the Respondents purchased a property on Esther Street in Vancouver, Washington. Each of the four individuals held a 25 percent interest in the property as tenants in common.

---

[2] Phillips also argues that the superior court erred when it failed to designate which documents it relied on in making its summary judgment ruling as required under CR 56(h) and RAP 9.12. Specifically, he argues that the record does not show that the superior court considered his declaration in support of his opposition to summary judgment. The superior court's order expressly states that it considered "the declarations and documents attached to the pleadings." Clerk's Papers (CP) at 202, 205. Although the superior court did not specifically describe each of these documents, it is clear from the record of the proceedings that the court carefully considered all of the relevant materials, and those materials have been included before this court in the appeal record. Thus, any error in failing to specifically list all of Phillips's materials under CR 56(h) and RAP 9.12 is harmless. *W.R. Grace & Co.-Conn. v. Dep't of Revenue*, 137 Wn.2d 580, 590-91, 973 P.2d 1011 (1999).

In June 1994, Anderson and the Respondents entered into a joint venture agreement "to purchase, remodel, restore, and convert residential and commercial property for lease or sale, and to profit from their efforts." Clerk's Papers (CP) at 160. Each party had a one-fourth interest in the joint venture. They managed the Esther Street property "under the terms of the Agreement." *Id.* at 37.

Section Four of the joint venture agreement addressed the legal title to property acquired by the joint venture and individual encumbrances on that property:

> All legal title to property acquired by the joint venture, whether real or personal, shall be taken in the name of each party. The interest of each party in such property shall be proportionate to his or her share of the profits of the venture. No party may cause a lien to attach, mortgage, deed, or otherwise encumber the property of the joint venture, without the express consent of each of the other parties.

*Id.* at 161.

Section Nine of the agreement addressed the assignment or transfer of a party's interest in the joint venture and the right of first refusal:

> Neither party shall assign or transfer his or her rights or duties in the joint venture without the express written consent of the other parties. Any transfer or assignment made without the consent of the other parties shall not relieve the transferor or assignor of his or her duties or obligations under this agreement. Each party shall have a right of first refusal to match any offer to purchase another party's interest.

*Id.* at 162.

In January 2017, Anderson began negotiations with Phillips, a real estate professional, for Phillips to purchase Anderson's interest in the property. On January 29, Annette Chapman contacted Phillips by e-mail, told him that Anderson had asked her to contact him "to provide

information regarding the 2 properties that [they were] partners on," and asked what information Phillips needed. *Id.* at 58.

Phillips responded the next day and asked if he could "'buy out a partner and or another partial partner." *Id.* Annette Chapman responded,

> Let me talk to [Anderson] and get back to you. I am thinking if you wanted to buy [Anderson's] one fourth share out of [the] Esther [Street property] that might be the easiest as he is the one that is wanting cash. We owe about 40,000 or 42,000 on a loan and we get almost 4100 a month. Thanks and I will get back to you.

*Id.*

On February 1, Phillips requested a preliminary title report on the Esther Street property as soon as possible. On February 2, the title company advised Phillips that there were judgments "showing up for Patrick J. Williams" and asked Phillips to get the last four digits of Williams's social security number so they could rule out some of the judgments because this was a common name. *Id.* at 60.

On the morning of February 3, Phillips received the preliminary title report, which identified tax liens and judgments from 2008 to 2014 attributed to Williams. Approximately two hours later, Phillips filed a quit claim deed from Anderson for his interest in the property. Later that day, the Respondents signed an amendment to the June 30, 1994 joint venture agreement approving Anderson's sale of "his 25% interest [in the building] to Terry Phillips." *Id.* at 181.

## II. LAW SUITS AND ATTEMPTS TO SELL THE PROPERTY

### A. ANDERSON'S LAWSUIT AND MAY 2017 PROPERTY LISTING

Phillips stopped paying Anderson for the balance due on the sale of the property because of Williams's encumbrances. On April 20, Anderson filed a complaint against Phillips for breach of contract.

On May 1, the Respondents listed the property for sale. A week later, Anderson amended his complaint to add claims against Phillips and a quiet title action against Phillips and the Respondents.

B. PHILLIPS'S ORIGINAL CROSS CLAIMS

On June 13, Phillips filed an answer to the amended complaint. In this answer, Phillips alleged five cross and counter claims. Only two of these claims are at issue here—a breach of contract claim and a breach of duty claim.[3]

The breach of contract claim alleged that Williams had breached the joint venture agreement "by allowing liens and encumbrances to attach to the subject property." *Id.* at 18. The breach of fiduciary duty claim alleged that Anderson and the Respondents had breached their "duty of loyalty and care" to him under the joint venture agreement "by their failure to share material facts about the subject property when asked by defendant Phillips." *Id.*

In their answer to Phillips's cross claims the Respondents argued, among other affirmative defenses, that Phillips had failed to state a claim upon which relief could be granted. They asserted that they "owed no duty to Phillips prior to the purchase of any membership interest." *Id.* at 33.

C. OFFERS ON THE PROPERTY, MOTION TO COMPEL PARTITION SALE, AND AMENDED CROSS CLAIMS

In June and July, the Respondents received several offers to purchase the property. Phillips asserts that the Respondents never advised him of these offers.

---

[3] Phillips also alleged a "misrepresentation claim" against Anderson and the Respondents. He also moved for the sale of the property and distributions of the proceeds and for an injunction against Anderson. None of these claims are at issue on appeal.

In August, the Respondents moved to compel the partition sale of the Esther Street property. The superior court granted the motion and ordered a partition sale.

Meanwhile, a week before the superior court issued its order compelling the sale of the property, Phillips moved to amend his cross claims. The proposed amended cross claims appear to expand the breach of contract claim to include the Chapmans[4] and to relate to the Respondents' failure to include Phillips in their attempts to sell the Esther Street property. Phillips also asserted for the first time that the Respondents had not disclosed physical problems with the property and that Anderson had not provided Phillips with "a statutory Seller's Disclosure Statement" when Phillips purchased Anderson's share of the property. *Id.* at 408. Nothing in our record establishes that the superior court granted the motion to amend.

In November, Phillips offered to purchase the Respondents' shares of the property. The record does not contain a purchase and sale agreement between Phillips and the Respondents nor does it disclose whether the Respondents responded to the letter of intent. Respondents received and considered another offer on the property in November. Phillips asserts that the Respondents did not consult him about this offer. The property was ultimately sold in March 2018.[5]

III. RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT

After the March 2018 sale of the property, the Respondents filed a motion for judgment on the pleadings and for summary judgment. In his brief in opposition to the motion, Phillips

---

[4] The original breach of contract cross claim was against only Williams.

[5] On December 18, Anderson settled with Phillips. The trial court dismissed all of the claims and cross claims involving Anderson.

addressed actions by the Respondents that took place both before and after Phillips filed his original cross claims on June 13, 2017, up until the time of the sale in March 2018.

The Respondents replied that Phillips had failed to address the cross claims he had raised in his June 13, 2017 pleading and asserted that Phillips was "shifting course [from his] originally filed claims, and submitting, for the first time, a host of new allegations that did not, and could not have existed at the time filed." *Id.* at 144. They noted that the claims Phillips was now alleging occurred after he filed his original cross claims and were related to the superior court's ordered sale of the property on March 2018.

The superior court granted summary judgment and dismissed the breach of contract and breach of duty cross claims because, as a matter of law, the Respondents had no duty to or contract with Phillips before he became a member of the joint venture. The superior court also dismissed Phillips's other cross claims.

Phillips appeals.

## DISCUSSION

Phillips challenges the superior court's dismissal of his breach of contract and breach of duty cross claims. These arguments fail.

### I. SUMMARY JUDGMENT STANDARD OF REVIEW

We review an order on summary judgment de novo, performing the same inquiry as the trial court. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). "We consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party." *Rublee v. Carrier Corp.*, 192 Wn.2d 190, 199, 428 P.3d 1207 (2018). "Summary judgment is proper when the record demonstrates there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law." *Munich v. Skagit Emergency Commc'ns Ctr.*, 175 Wn.2d 871, 877, 288 P.3d 328 (2012).

## II. BREACH OF CONTRACT CROSS CLAIM

Phillips argues that the superior court erred in granting summary judgment on the breach of contract cross claim because it failed to consider the Respondents' actions *after* the joint venture agreement was signed, including the sale of the property without consulting or notifying Phillips and without allowing Phillips to exercise his right of first refusal under the joint venture agreement. Phillips does not contend that the superior court erred if it was not required to address the post-agreement facts.[6] Based on the record before us, this argument fails.

Phillips is correct that the superior court did not examine the Respondents' actions *after* Phillips signed the joint venture agreement when addressing the breach of contract cross claim. But based on the record before us, Phillips's breach of contract cross claim failed to raise any issues related to the Respondents' actions after Phillips filed his cross claims.

In his original breach of contract cross claim, filed on June 13, 2017, Phillips alleged only that Williams had breached the joint venture agreement "by allowing liens and encumbrances to attach to the subject property." CP at 221. The superior court's order clearly addresses this cross

---

[6] In a footnote in his reply, Phillips states, without citation to authority, that the February 3, 2017 amendment to the joint venture agreement allowed him "to step in the shoes of Keith Anderson under the original Joint Venture Agreement signed by Anderson, Chapmans and Williams on 6/30/1994." Appellant's Reply Br. at 1 n.1. To the extent Phillips is attempting to assert that this demonstrates that he had the right to assert claims based on actions by the Respondents prior to February 3, 2017, we decline to consider this argument because it is raised in a footnote in a responsive brief and because he does not present any reasoned argument or citation to authority to support such an argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

claim and correctly concludes that Williams's liens and encumbrances occurred before Phillips became a party to the joint venture agreement. The Respondents' actions after Phillips became a party to the joint venture agreement were irrelevant to this cross claim, so the superior court did not err when it failed to consider these facts when it considered the breach of contract cross claim. CR 56(e) ("opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence"); ER 402 ("Evidence which is not relevant is not admissible."); *Dunlap v. Wayne*, 105 Wn.2d 529, 535, 716 P.2d 842 (1986) ("A court cannot consider inadmissible evidence when ruling on a motion for summary judgment.").

To the extent Phillips may be relying on claims brought in his proposed amended cross claims, there is nothing in the record before us establishing that the superior court granted Phillips's motion to amend his cross claims. Our record contains only Phillips's and his counsel's declarations in support of a motion to amend and an unsigned copy of the proposed amended answer and cross claims that was attached to his counsel's declaration.

Thus, based on our record, the superior court did not err by considering only Phillips's original breach of contract claim and limiting the scope of its examination to facts relevant to Williams's liens and encumbrances, all of which occurred before Phillips became part of the joint venture.[7] Because Phillips was not a member of the joint venture at the time of the alleged breach,

---

[7] In his reply, Phillips argues that "[t]he trial court did not apply the correct standard of proof for summary judgment" because it did not view the evidence in the light most favorable to Phillips, the nonmoving party. Appellant's Reply Br. at 3. But Phillips's real argument is that the superior court did not consider certain facts, not that it failed to view facts in the light most favorable to Phillips. Again, the superior court was not required to consider facts unrelated to the claims that were before it. CR 56(e); ER 402; *Dunlap*, 105 Wn.2d at 535.

the superior court did not err when it granted summary judgment on the breach of contract cross claim.

### III.  BREACH OF DUTY CROSS CLAIM

Phillips further argues that the superior court erred when it granted summary judgment against him on his breach of duty cross claim.  Again, he asserts that the superior court failed to consider his allegations of breach of duty that occurred after he became a member of the joint venture, including the Respondents' failure to notify him of three offers and the sale of the Esther Street property.

Most of Phillips's argument relates to claims that accrued after he filed his original June 13, 2017 cross claims.  As discussed above, because the record before us does not show that Phillips's motion to amend his cross claims was granted, he cannot show that the superior court erred to the extent it did not consider any new cross claims that accrued after Phillips filed his original complaint on June 13, 2017.

The record does, however, contain documentation showing that the Respondents signed a listing agreement for the property on May 1, 2017, which is after Phillips joined the joint venture but before Phillips filed his original complaint.  Thus, a breach of duty claim based on the Respondents' May 2017 listing of the property was before the trial court.  Although the trial court's summary judgment order does not discuss this cross claim, we review summary judgment orders de novo.  *Aba Sheikh*, 156 Wn.2d at 447.  Accordingly, we must examine whether summary judgment was appropriate on this cross claim.  We conclude that it was.

In his original breach of duty cross claim, Phillips's sole assertion was the following: "[Anderson] and defendants Williams and Chapmans breached their duty of loyalty and care by

10

their failure to share material facts *about* the subject property *when asked by defendant Phillips*." CP at 221 (emphasis added). The only action that could have potentially accrued after Phillips became a member of the joint venture agreement and by the time Phillips filed his original cross claims is the May 1, 2017 listing of the property. But the fact the Respondents may have listed the property without consulting Phillips is not a "material fact[ ] *about* the subject property." *Id.* (emphasis added). Nor, even if it was, did Phillips present any support creating a question of fact as to whether he "asked" about any later listings. *Id.*

Thus, even though the trial court failed to consider the May 1, 2017 listing, summary judgment on this claim was proper, and the superior court did not err in dismissing the breach of duty cross claim on summary judgment.

IV. ATTORNEY FEES ON APPEAL

The Respondents request attorney fees on appeal under RAP 18.9. They argue that this appeal was frivolous. We agree.

RAP 18.9(a) authorizes us to order a party who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." "Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party." *Yurtis v. Phipps*, 143 Wn. App. 680, 696, 181 P.3d 849 (2008) (citing *Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 342, 798 P.2d 1155 (1990)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." *Lutz Tile, Inc. v. Krech*,

136 Wn. App. 899, 906, 151 P.3d 219 (2007). All doubts as to whether an appeal is frivolous are resolved in favor of the appellant. *Id*.

In this appeal, most of Phillips's cross claims raised issues that were clearly beyond the scope of his original cross claims and Phillips fails to establish that his original cross claims had been amended. Because the superior court was not required to consider facts unrelated to the claims before it, there was clearly no debatable issue upon which minds could differ. The only arguable issue was whether the May 1, 2017 listing was a breach of duty, but as discussed above, this claim was properly dismissed because it was clearly outside the scope of the original breach of duty cross claim. Thus, this appeal is frivolous.

Accordingly, we affirm the superior court's summary judgment order and grant the Respondents attorney fees and costs upon compliance with RAP 18.1.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

SUTTON, J.